IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZACHARY ROLF, #332-064 | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. GLR-13-3145 |
| GREG FLURY, Physician's Assistant[1] | * | |
| DEIDRE MULL, Nurse Practitioner | | |
| AVA JOUBERT, M.D. | * | |
| KEVIN DOE[2] | | |
| RICHARD DOE | * | |
| PA DOE | | |
| | * | |
| Defendants | | |
| * * * | | |

**MEMORANDUM OPINION**

Self-represented Plaintiff Zachary Rolf ("Rolf"), an inmate confined at North Branch Correctional Institution ("NBCI"), filed the above-captioned civil rights Complaint regarding problems with chronic back pain. Rolf seeks declaratory and injunctive relief as well as money damages, and names three health care providers currently employed by Wexford Health Sources, Inc., the contractual health care provider for the Maryland Department of Public Safety and Correctional Services.

Defendants have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 18), to which Rolf has filed a Response in Opposition (ECF No. 22). For the reasons set forth herein, Defendants' Motion shall be denied and Defendants shall be granted an opportunity to resubmit a supplemented dispositive motion.

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of Defendants' names.
[2] The three "Doe" Defendants have not been identified and shall be dismissed without prejudice.

**Standard of Review**

**1. Motion to Dismiss**

Defendants' Motion to Dismiss has been filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 18.  Rule 12(b)(1) permits a defendant to challenge federal court jurisdiction over the subject matter of the complaint.  The question of subject matter jurisdiction may be raised by the parties or the court, *sua sponte*, at any stage of the litigation.  Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 197 (4th Cir. 2008).  A motion to dismiss for lack of subject matter jurisdiction raises the issue of "whether the court has the competence or authority to hear the case."  Davis v. Thompson, 367 F. Supp. 2d 792, 799 (D.Md. 2005).

When subject matter jurisdiction is challenged, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of jurisdiction.  United States ex. rel. Vuyyuru v. Jadhau, 555 F.3d 337, 347 (4th Cir. 2009); see Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  Such a challenge may proceed by either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting that the jurisdictional allegations of the complaint are not true.  Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Buchanan v. Consol. Stores Corp., 125 F.Supp.2d 730, 736 (D.Md. 2001).  In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  Kerns, 585 F.3d at 192.  In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction."  Id.  In that circumstance, the Court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Velasco v. Gov't of Indonesia, 370 F.3d 392, 398 (4th Cir. 2004)

(citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)); Evans, 166 F.3d at 647 (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 769 (4th Cir. 1991)). That is, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" Khoury v. Meserve, 268 F.Supp.2d 600, 606 (D.Md. 2003) (quoting Capital Leasing Co. v. Fed. Deposit Ins. Corp., 999 F.2d 188, 191 (7th Cir. 1993)), aff'd, 85 Fed.App'x 960 (4th Cir. 2004).

"Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may . . . resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." Jadhau, 555 F.3d at 348 (quoting Adams, 697 F.2d at 1219)). Alternatively, the court may "hold an evidentiary hearing to determine whether the facts support the jurisdictional allegations." United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999); accord Kerns, 585 F.3d at 192. For the reasons noted herein, a hearing does not appear necessary.

Defendants do not argue the basis for their Rule 12(b)(1) challenge;[3] at most, the Motion appears to present a facial challenge to jurisdiction. To the extent that Defendants infer that the Complaint alleges no violation of the United States Constitution or federal law, such inference is unpersuasive. Rolf is self-represented and his Complaint is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). While liberal construction does not absolve him from pleading a plausible claim, see Holsey v. Collins, 90 F.R.D. 122, 128 (D.Md. 1981), the Court

---

[3] To the extent that Defendants construe the Complaint allegations to be based solely on medical negligence or malpractice, such a claim at most would constitute a state tort claim. Nothing in the Complaint suggests, prior to filing the instant lawsuit, Rolf pursued such a claim with the Health Care Alternative Dispute Resolution Office, as required under Maryland law. See Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04 (West 2014). Because there is no diversity of citizenship, such an action would preclude the Complaint from proceeding under diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2014). Each of these arguments is sufficient to defeat subject matter jurisdiction in this case.

finds the allegations contained therein state an Eighth Amendment claim for failure to provide medical care. Rolf alleges he has suffered serious back pain for a significant period of time. As discussed further herein, the scheduling of a pain management consultation at Bon Secours Hospital and further inquiry into the cause and treatment of Rolf's significant back pain appears to have been abandoned.

"The purpose of a Rule 12(b)(6) motion [to dismiss] is to test the sufficiency of a complaint." McBurney v. Cuccinelli, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted). A Rule 12(b)(6) motion constitutes an assertion by the defendant that, even if the facts that plaintiff alleges are true, the complaint fails, as a matter of law, "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Therefore, in considering a motion to dismiss under Rule 12(b)(6), a court must "accept[ ] as true the well-pled facts in the complaint and view[ ] them in the light most favorable to the plaintiff." Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011) (citation omitted) (internal quotation marks omitted).

Ordinarily, a court cannot consider matters outside the pleadings or resolve factual disputes when ruling on a Rule 12(b)(6) motion. See Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007). If the court does consider matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); see Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp., 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district

4

court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.")

"There are two requirements for a proper Rule 12(d) conversion." Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Balt., 721 F.3d 264, 281 (4th Cir. 2013). First, all parties must "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment," which can be satisfied when a party is "aware that material outside the pleadings is before the court." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985); see also Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious"). "[T]he second requirement for proper conversion of a Rule 12(b)(6) motion is that the parties first 'be afforded a reasonable opportunity for discovery.'" Greater Balt., 721 F.3d at 281 (quoting Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985)).

Rolf had adequate notice that Defendants' motion might be treated as one for summary judgment. The motion's alternative caption and attached materials are in themselves sufficient indicia. See Laughlin, 149 F.3d at 260-61. Further, Rolf has not pointed to any additional evidence that would be helpful to the disposition of this case. He did, however, have access to the medical records submitted by Defendants, along with the other evidence presented in this case. Accordingly, Defendants' Motion shall be treated as a motion for summary judgment.

## 2. Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Supreme

Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). At the same time, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993)) (internal quotation marks omitted).

## Background

Rolf has suffered intermittent lower back pain following an automobile accident that occurred "many years ago."[4] Mot. to Dismiss Ex.1, at 269, ECF No. 18. An x-ray shows Rolf suffers from "DJD (degenerative joint disease) and old L1 (lumbar) compression." Id. at 308.

---

[4] Defendants' Exhibit 1 contains relevant portions of Rolf's medical record. The document is not numbered chronologically in conformity with Local Rule 102.2.b. (D. Md.). Accordingly, it shall be cited herein with the page designation provided by Wexford.

Rolf has been transferred to several prisons in Western Maryland over the past two years.[5] Defendant Joubert, a physician, provided care to Rolf while he was housed at NBCI and WCI. Id. at 268-70, 282-84. Defendant Mull, a physician's assistant, cared for Rolf on three occasions in October, November and December 2011, and Defendant Flury, a physician's assistant, cared for Rolf on several occasions between November 2011 and February 2012 while Rolf was housed at WCI. ECF No. 4.

In addition to trigger point injections and analgesic patches, Rolf has been provided prescription pain medications, none of which provided significant relief. On October 23, 2012, Defendant Flury recommended Rolf receive a pain management assessment at Bon Secours Hospital. Mot. to Dismiss Ex. 1, at 336, ECF No. 18. Defendants assert the appointment was scheduled for July 26, 2013, but Rolf signed a Release of Responsibility and refused to attend. Id. at 407. Rolf denies he refused to attend the outside consultation, stating, on that date, he merely refused to attend a sick call visit with a nurse. Opp'n to Mot. to Dismiss 6, ECF No. 22. Examination of the Release of Responsibility supports Rolf's statement.

## Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," Gregg v. Georgia, 428 U.S. 153, 173 (1976), and scrutiny under the Eighth Amendment "is not limited to those punishments authorized by statute and imposed by a criminal judgment." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). In the context of denial of medical care, an Eighth Amendment violation arises when the actions of a defendant, or his failure to act, amount to

---

[5] Rolf was transferred from Western Correctional Institution in Cumberland ("WCI") to Maryland Correctional Institution – Hagerstown ("MCI-H") on October 24, 2012. Mot. To Dismiss Ex.1, at 340, 401, ECF No. 18. On June 21, 2013, he was transferred from MCI-H to NBCI in Cumberland. Rolf states he was housed at Patuxent Institution, located in Central Maryland (Jessup), from February 2012 through August 2012. Am. Compl. 8, ECF No. 4.

deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires objective proof that the prisoner plaintiff was suffering from a serious medical need and subjective proof that the prison staff was aware of the need for medical attention, but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Based on this standard, Rolf has set forth a viable civil rights claim.

There is no dispute that Rolf has a back injury that has caused some degree of degeneration in the spine causing him chronic pain. Medications do not fully relieve his pain, and prison medical care providers have referred him for a pain management assessment at an area hospital. The record does not suggest that this assessment occurred. Furthermore, more than six months have passed since the filing of this dispositive motion. Additional medical records, affidavits from Defendants, and information concerning the pain management consultation are needed to resolve this case.

Accordingly, the Court will deny Defendants' Motion without prejudice to permit supplementation as noted herein. A separate Order follows.


December 2, 2014                                             /s/
                                                  _____
                                                  George L. Russell, III
                                                  United States District Judge